1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE HONORABLE TANA LIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PAUL BERNAL and JACK COE, individuals, | Case No. 2:22-cv-00533-TL |
| Plaintiffs, | **DEFENDANT'S MOTIONS IN LIMINE** |
| vs. | **NOTED FOR CONSIDERATION**: October 20, 2023 |
| THE BOEING COMPANY, | |
| Defendant. | |

Pursuant to Local Civil Rule 7(d)(4), Defendant The Boeing Company ("Boeing") files these Motions *in Limine* and respectfully moves this Court for an Order prohibiting any party, attorney, or witness from testifying, arguing, alluding to, offering exhibits regarding, or otherwise suggesting or breaching the Court's Order regarding any of the following matters:

Boeing's Specific Motions *in Limine*:

1. Exclusion of lay witnesses' "Me Too" testimony about own experience(s) of alleged disparate treatment workplace discrimination.
2. All Parties should be required to give 24-hour notice of witnesses, depositions, and exhibits to be called or used at trial.

Pursuant to the Court's standing Order, Boeing certifies that the parties met and conferred on September 28, 2023, in an effort to resolve the matters short of Court involvement. Declaration of Brenda L. Bannon ("Bannon Decl."), ¶2.

DEFENDANT'S MOTIONS IN LIMINE - 1
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

A.      **Standards Governing Motions *in Limine*.**

2       Parties may file motions in limine before or during trial "to exclude anticipated prejudicial

3  evidence before the evidence is actually offered." *Easton v. Asplundh Tree Experts, Co.*, No. C16-

4  1694-RSM, 2018 WL 1306456, at *1 (W.D. Wash. Mar. 13, 2018) (*quoting Luce v. United States*,

5  469 U.S. 38, 40 n.2 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and

6  403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or

7  less probable than it would be without the evidence," and whether "the fact is of consequence in

8  determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence if "its

9  probative value is substantially outweighed by a danger of one or more of the following: unfair

10  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

11  presenting cumulative evidence." Fed. R. Evid. 403.

12       Fed. R. Evid. 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 401

13  defines evidence as relevant if "(a) it has any tendency to make a fact more or less probable than

14  it would be without the evidence; and (b) the fact is of consequence in determining the action."

15  Fed. R. Evid. 403 states that "[t]he court may exclude relevant evidence if its probative value is

16  substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

17  the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

18  evidence."

19       Here, Plaintiff is pursuing a retaliatory demotion and retaliatory hostile work environment

20  claim based on Washington Law Against Discrimination ("WLAD") RCW 49.60.210. DKT No.

21  15 (Amended Complaint).

22       B.      **Boeing's Specific Motions *in Limine*.**

23              1.  *Exclude Lay Witnesses' "Me Too" Testimony about Own Experience(s) of
                    Alleged Workplace Discrimination.*

24       Plaintiff filed his original Complaint in this lawsuit on April 15, 2022. DKT No. 5-1.

25  Plaintiff filed an Amended Complaint on May 31, 2022. DKT No. 15. Boeing denies Plaintiff's

26  allegations of retaliatory demotion and retaliatory hostile work environment in violation of

DEFENDANT'S MOTIONS IN LIMINE - 2
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Washington Law Against Discrimination (RCW 49.60.210). (Answer). DKT No. 42. At all times during 2015 and until April 2019, Plaintiff was supervised by Director Rick Svoboda. DKT No. 15. Plaintiff is not raising his own disparate treatment claim. DKT No. 15. Testimony by other complaint witnesses about their own alleged disparate treatment complaints concerning a different manager would on balance, be more of a waste of time and likely more prejudicial than probative. Fed. R. Evid. 403. Certainly the court should exclude any such evidence that occurred (i) years before Bernal claims he engaged in actionable opposition activity (i.e., before mid-2018) and/or (ii) outside of the 3-year statute of limitations (i.e., before April 15, 2019).

Plaintiff's Amended Complaint alleges that other persons at Boeing complained about workplace mistreatment by Senior Manager Linda Beltz and another mid-level manager. None of the complaining individuals identified by Plaintiff as potential witnesses were directly supervised by Director Svoboda. The Defense is aware through discovery that this workplace is in some circles rife with workplace gossip -- referenced in Plaintiff's deposition as "water cooler talk" -- that may try to percolate up to this trial court. This motion is brought in the abundance of caution.

Regarding any such "complaint witness" testimony, to determine whether "me too" evidence is admissible at trial, the Court considers several factors to assess relevance, "including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Ultimately, the admissibility of "'[m]e too' evidence is a relevancy issue." *See Patterson v. Boeing Co.*, 2018 WL 5937911, at *20 (C.D. Cal. Apr. 4, 2018) (*citing Sprint/United Mgmt. Co.*, 552 U.S. at 388). *See also Hill v. Goodfellow Top Grade*, 2019 U.S. Dist. LEXIS 150796, at *5-6 (N.D. Cal. Sep. 4, 2019) (excluding "me too" evidence of workplace discrimination because it would require the defendant to rebut the allegations, which had "virtually no similarity" to the plaintiff's). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

DEFENDANT'S MOTIONS IN LIMINE - 3
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    Here, Plaintiff should be precluded from eliciting "me too" testimony about disparate

2    treatment in the workplace allegedly occurring from 2017 (or before) through April 2019 inasmuch

3    as he has not asserted a disparate treatment claim. DKT No. 15. Further, Plaintiff should be

4    precluded from eliciting "me too" testimony about an alleged retaliatory hostile work environment

5    from witnesses who were not supervised by the same manager(s) as Plaintiff during 2017 (or

6    before) through April 2019. Any probative value of this "me too" testimony is substantially

7    outweighed by unfair prejudice, confusion of the issues, and likely the needless presentation of

8    cumulative evidence. Fed. R. Evid. 403.

9    Boeing is unaware of any such complaint witness evidence that overlaps in any material

10   way with Bernal's personal complaints about a 2019 cubicle assignment, receipt of cafeteria

11   tokens, reduction in work-day DEI activities, telecommuting, etc. DKT. No. 15. Moreover, the

12   proffered evidence would require Boeing to separately prepare for and refute allegations of other

13   witnesses that have nothing to do with Plaintiff's retaliatory hostile work environment claim.

14   If the court does allow a complaint witness(es) to testify about their own individual

15   complaints of alleged disparate treatment by Senior Manager Beltz or another Manager, Boeing

16   urges the Court to enter an order that specifically limits "complaint witness" testimony to the

17   following categories: (1) information s/he allegedly provided to Plaintiff about a Boeing

18   Manager's alleged workplace discrimination during the time frame Bernal claims he engaged in

19   opposition activity from mid-to-late 2018 to April 2019 (DKT No. 15); (2) first-hand observations

20   (if any) of alleged retaliation towards Plaintiff, and (3) first-hand observations (if any) of Plaintiff's

21   alleged opposition to disparate treatment discrimination. Fed. R. Evid. 801. No such testimony

22   should be allowed for allegations of disparate treatment of complaint witnesses dating back to

23   2017 or before.  Fed. R. Evid. 403. As to any claims of disparate treatment, Boeing respectfully

24   posits that discrete conduct occurring *before* April 15, 2019 is not cognizable, and notes that

25   Plaintiff is not alleging his own disparate treatment discrimination.  DKT No. 15.

26   In short, any argued probative value of Plaintiff's proffered complaint witness testimony

DEFENDANT'S MOTIONS IN LIMINE - 4
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    concerning "me too" evidence of alleged disparate treatment by a different supervisor than

2    Plaintiff's supervisor during 2018 (or before) through April 2019 is substantially outweighed by

3    the danger of unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly

4    presenting cumulative evidence.  If admitted at all, Boeing respectfully urges the Court to limit

5    any such testimony as described above.

6         2.   *All Parties Should Be Required to Give 24-Hour Notice of Witnesses,*
          *Depositions, and Exhibits to be Called or Used at Trial.*

7

8    All parties should be required to give the Court and opposing counsel at least 24-hours'

9    notice of each witness, deposition, or exhibit to be called or used at trial to facilitate a prompt and

10   orderly presentation of witnesses and to expedite this trial. This ruling will allow the parties time

11   to object to the testimony and exhibits and to prepare for the anticipated testimony. Boeing

12   understands this request is consistent with this Court's own protocols.

13   Respectfully submitted this 2nd day of October, 2023.

14                              OGLETREE, DEAKINS, NASH, SMOAK
15                              & STEWART, P.C.

16                              By: */s/ Laurence A. Shapero*
17                              By: */s/ Brenda L. Bannon*
                                   Laurence A. Shapero, WSBA No. 31301
18                                 Brenda L. Bannon, WSBA No. 17962
                                   1201 Third Avenue, Suite 5150
19                                 Seattle, WA  98101
                                   Telephone:   (206) 693-7057
20                                 Facsimile:    (206) 693-7058
                                   Email:  laurence.shapero@ogletree.com
21                                          brenda.bannon@ogletree.com

22                                 *Attorneys for Defendant*

23                                 Pursuant to Local Civil Rule 7(e)(5),
24                                 Boeing certifies that the word count for
                                   this Motion is 1632 words.
25

26

DEFENDANT'S MOTIONS IN LIMINE - 5
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I served the foregoing DEFENDANT'S MOTIONS IN LIMINE via the method(s) below on the following parties:

> Margaret M. Boyle, WSBA #17089
> BOYLE MARTIN THOENY, PLLC
> 100 West Harrison Street, Suite S300
> Seattle, WA 98119
> Tel: 206-217-9400
> Fax: 206-217-9600
> Email: margaret@bmtlitigation.com
>
> *Attorney for Plaintiffs*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 2nd day of October, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jordan E. Sheets*
    Jordan E. Sheets, Practice Assistant
    jordan.sheets@ogletree.com

DEFENDANT'S MOTIONS IN LIMINE - 6
Case No. 2:22-cv-00533-TL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058