HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BERNAL, individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. 2:22-cv-00533-TL<br><br>**AMENDED PRETRIAL ORDER** |

Pursuant to LCR 16(i), Plaintiff Paul Bernal and Defendant The Boeing Company jointly submit the following ~~Proposed~~ Pretrial Order:

JURISDICTION

Jurisdiction is vested in this Court by 28 U.S.C. § 1332.

CLAIMS AND DEFENSES

At trial, plaintiff, Paul Bernal ("Bernal"), will pursue his claim that defendant, The Boeing Company ("Boeing"), violated the retaliation provision of RCW 49.60.210 when subjecting him to a hostile work environment and demoting him.

Boeing denies Bernal was subjected to any form of retaliation, and denies he was subjected to a hostile work environment. Boeing denies Bernal is entitled to recover any purported economic

or non-economic damages. Boeing also asserts that Bernal has failed to comply with his obligation to mitigate any such economic or non-economic damages.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. Bernal started work for Boeing in 1989, but left in approximately 2000 to work for Microsoft and also worked for another employer. Bernal returned to work at Boeing in January 2004 and has worked for it since that time;

2. During his employment with Boeing, Bernal generally received positive performance reviews (with some constructive criticisms), pay raises, bonuses and other incentive compensation in years Boeing provided them to employees, although the details of each varied from one year to the next. Bernal also received various promotions, with the last such promotion occurring in 2011 when he was placed in an "M Level" Senior Manager position in Boeing's Intellectual Property and Licensing Company ("BIPLC");

3. In the past, BIPLC was under the larger Boeing group, Intellectual Property Management ("IPM"), headed by Vice President, Pete Hoffman;

4. In 2013, Richard Svoboda ("Svoboda") became the Director of BIPLC and Bernal's direct manager. At Svoboda's request, Bernal agreed to develop and manage a new team, Global Patent and Technology ("GP&T"). In this position, Bernal remained an M level, Senior Manager;

5. In 2014, Director Svoboda hired Linda Beltz as a BIPLC M Level, Senior Manager. Beltz eventually became the manager of BIPLC's Commercial Aerospace Licensing team ("CAL");

AMENDED PRETRIAL ORDER - 2
Case No. 2:22-cv-00533-TL

6. In 2016, Beltz hired Denise Steensland as a mid-level manager for the CAL team;

7. In spring 2018, Director Svoboda was involved in various reorganization conversations with members of this team to include conversations about filling the newly formed Enforcement team Manager role, what to do with GP&T, and discussions about the overall management of CAL;

8. In December 2018, Director Svoboda provided Bernal with his 2018 performance review. On the same day he received that performance review, Bernal objected and claimed the review was unduly negative and failed to adequately recognize his accomplishment. Director Svoboda explained how and why the review score was appropriate;

9. On April 10, 2019, Bernal received a reassignment letter from Boeing. The letter's specific language will speak for itself.

10. Bernal subsequently received a second reassignment letter from Boeing. The letter's specific language will speak for itself.

11. Following this second letter, Bernal accepted the reassignment within the three-day period described in the reassignment letters he received;

12. On April 18, 2019, Svoboda informed the entire IPM organization of Bernal's reassignment;

13. On or after April 19, 2019, Bernal moved out of his office and into a cubicle;

14. Following Bernal's reassignment, the rule prohibiting probationary employees from working remotely was applied to him;

15. Bernal remains employed by Boeing in a Level 5 position. He has been supervised by Cory Hill since early 2021.

ISSUES OF LAW

The following are the issues of law to be determined by the court:

**Plaintiff believes the issues to be determined by the Court are:**

1. Whether Bernal has shown by a preponderance of the evidence that Boeing violated the retaliation provisions of RCW 49.60.210 by providing sufficient evidence that

    (a) he engaged in protected conduct;

    (b) he subsequently suffered an adverse action in the form of a demotion and/or a hostile work environment; and

    (c) there is a nexus between his protected conduct and those adverse actions.

2. On Bernal's claim that he was subjected to a retaliatory hostile work environment, whether he has shown by a preponderance of the evidence that

    (a) he experienced unwelcomed harassment;

    (b) the harassment was because he had engaged in protected conduct;

    (c) the harassment affected the terms and conditions of his employment; and

    (d) the harassment is imputed to Boeing.

3. Whether Bernal has shown that he is entitled to economic damages, and if so, in what amount.

4. Whether Bernal has shown that he is entitled to non-economic damages, and if so, in what amount

5. Whether Boeing has shown by a preponderance of the evidence that Bernal failed to mitigate his economic damages by providing sufficient evidence to establish

    (a) there were openings in comparable positions available to Bernal after his

AMENDED PRETRIAL ORDER - 4
Case No. 2:22-cv-00533-TL

demotion;

(b) Bernal failed to use reasonable care and diligence in seeking those openings; and

(c) the amount by which Bernal's damages would have been reduced if Bernal had used reasonable care and diligence in seeking those openings.

**Defendants believe the issues to be determined by the Court are:**

1. Does a preponderance of the evidence support a finding that Boeing retaliated against Bernal in violation of RCW 49.60.210 when it demoted him from his manager position to his individual contributor position?

2. Does a preponderance of the evidence support a finding that Boeing retaliated against Bernal in violation of RCW 49.60.210 by creating a hostile work environment?  More specifically, does a preponderance of evidence support a finding that:

   a. (i) Plaintiff was subjected to conduct or language regarding his known participation in age-based opposition activity,

   b. (ii) where the conduct or language was so serious or pervasive that it altered the conditions of Plaintiff's employment such that it created an abusive or hostile work environment, and,

   c. (iii) management should have known of this harassment because it was so pervasive or through other circumstances Boeing failed to take reasonably prompt and adequate corrective action reasonably designed to end it?

3. If the preponderance of evidence supports a finding that Boeing unlawfully retaliated against Bernal in violation of RCW 49.60.210, either/or by way of his demotion or by creating a hostile work environment, does the evidence support Bernal's claims for economic damages and, if so, in what amount?

4. If the preponderance of evidence supports a finding that Boeing unlawfully retaliated against Bernal in violation of RCW 49.60.210, either/or by way of his demotion or by creating a hostile work environment, does the evidence support Bernal's claims for non-economic damages and, if so, in what amount?

5. If the preponderance of evidence supports Bernal's request for economic damages, does the evidence establish that Bernal satisfied his obligation to avoid or mitigate any such economic damages and, if so, to what extent should his economic damages claim be reduced or denied?

6. Are any of Plaintiff's allegations of 49.60.210 retaliation based on discrete acts that are properly considered as occurring outside of the statute of limitations and therefore not actionable?

EXPERT WITNESSES

Neither party intends to call an expert witness to testify in this matter.

OTHER WITNESSES

1) The names and addresses of all witnesses who might be called by defendant, and the general nature of the expected testimony of each. As to each witness, defendant shall indicate "will testify" or "possible witness only." Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, need not be named.

| Plaintiff's Witness Name/Address | Expected Testimony |
|---|---|
| Paul Bernal<br>c/o Boyle Martin Thoeny<br>100 W. Harrison, South Tower<br>Suite 300<br>Seattle, WA  98119 | Will testify regarding his knowledge of the disparate treatment and hostile work environment experienced by older coworkers which underlaid his protected conduct, his subsequent protected conduct, the retaliatory hostile work environment and retaliation he |

| | | |
|---|---|---|
| Jamie Harker<br>c/o Boyle Martin Thoeny<br>100 W. Harrison, South Tower<br>Suite 300<br>Seattle, WA 98119 | | Will testify regarding Bernal's emotional/physical distress damages. |
| Richard Svoboda<br>*** | | Will testify regarding Bernal's work experience, his knowledge of complaints that older employees were experiencing disparate treatment and a hostile work environment, Bernal's protected conduct, and Bernal's |
| Linda Beltz<br>c/o Olgetree Deakins<br>1201 Third Avenue, Ste. 5150<br>Seattle, WA 98101 | | Will testify regarding Bernal's work experience, her knowledge of discrimination complaints filed against her and Steensland, Bernal's demotion and subsequent work environment. |
| Alexei Naimushin<br>c/o Olgetree Deakins<br>1201 Third Avenue, Ste. 5150<br>Seattle, WA 98101 | | Will testify regarding the disparate treatment and hostile work environment experienced by older employees and himself that underlie Bernal's protected conduct, and his discussions with Svoboda, Bernal, and investigators regarding that treatment and environment. |
| Roger Freeman 16460 Sylvester Rd. SW<br>Burien, WA 98166<br>206.544.8981 | | Will testify regarding the disparate treatment and hostile work environment experienced by older employees and himself that underlie Bernal's protected conduct, and his discussions with Svoboda, Bernal, and investigators regarding that treatment and environment. |
| Jack Coe<br>c/o Boyle Martin Thoeny<br>100 W. Harrison, South Tower<br>Suite 300<br>Seattle, WA 98119 | | May testify regarding the disparate treatment and hostile work environment experienced by older employees and himself that underlie Bernal's protected conduct, and his discussions with Bernal regarding that treatment and environment. |
| Frank Wisdom<br>24507 137th Ave SE<br>Kent, WA 98042 | | May testify regarding the disparate treatment and hostile work environment experienced by older employees and himself that underlie Bernal's protected conduct, and his discussions with Bernal regarding that treatment and environment. |

| Defendants' Witness | Will Testify | Possible Witness Only | General Nature of Testimony |
|---|---|---|---|
| Rick Svoboda<br>Seattle, WA | X | | Director at the time of Plaintiff's reassignment. Will testify regarding surrounding circumstances, business operations, communications, Plaintiff's productivity and performance and Boeing's overall reassignment rational. He may also testify regarding issues pertaining |

AMENDED PRETRIAL ORDER - 7
Case No. 2:22-cv-00533-TL

| Name | Pl. | Def. | Description |
|---|---|---|---|
| | | | to salary, merit appraisal and end of year bonus formulations. |
| Linda Beltz<br>Boeing Employee | X | | Senior Manager working as a colleague to Plaintiff at the time of reassignment. Will testify as to organizational dynamics, roles and responsibilities, sources of workplace conflict, Plaintiff's productivity, having Plaintiff added to her team of employees to supervise after Plaintiff's reassignment, and Plaintiff's subsequent performance and workplace issues. She may testify to issues pertaining to salary, merit appraisal and end of year bonus formulations. |
| Peter Hoffman<br>Vail, CO | X | | Director and Vice President at the time of Plaintiff's reassignment. Will testify regarding circumstances surrounding Plaintiff's reassignment to include business operations, Plaintiff's productivity, communications, performance and overall reassignment rational. |
| Denise Steensland<br>C/O Boeing | X | | Manager working as a colleague to Plaintiff at the time of reassignment. Will testify as to organizational dynamics, roles and responsibilities, performance issues, and sources of workplace conflict. |
| Alexei Naimushin<br>Boeing Employee | X | | Manager working as a colleague to Plaintiff at the time of reassignment. Will testify as to organizational dynamics, roles and responsibilities, performance issues, and sources of workplace conflict. |
| Angela Smith<br>Boeing Employee | X | | Director of Army, NASA, and MDA Contracts. Will testify to being offered the role of IP Enforcement Manager and enthusiastically accepting the role, organizational dynamics, roles and responsibilities, performance issues, and sources of workplace conflict. |
| Ryan Sunnenberg<br>Boeing Employee, AZ | | X | Senior Human Resources Business Partner. May testify regarding relevant personnel protocols and communications regarding Plaintiff's reassignment, underlying personnel documents, and the issues Plaintiff urges regarding opposition activity. He may also testify regarding issues pertaining to salary, merit appraisal and end of year bonus formulations. |

AMENDED PRETRIAL ORDER - 8
Case No. 2:22-cv-00533-TL

EXHIBITS

| Ex. | Description | Authenticity | Admissibility | Objection |
|---|---|---|---|---|
| P-1 | Bernal 2013 Performance Review TBC-BERNAL_000117-122 | Stipulated | | 401, 403 |
| P-2 | Bernal 2014 Performance Review TBC-BERNAL_000123-130 | Stipulated | | 401, 403 |
| P-3 | Bernal 2015 Performance Review TBC-BERNAL_000138-144 | Stipulated | | 401, 403 |
| P-4 | Bernal 2016 Performance Review TBC-BERNAL_000152-158 | Stipulated | | 401, 403 |
| P-5 | Bernal 2017 Performance Review TBC-BERNAL_000159-163 | Stipulated | | |
| P-6 | Bernal 2018 Performance Review TBC-BERNAL_000164-170 | Stipulated | | |
| P-7 | Bernal 2019 Performance Review TBC-BERNAL_000171-179 | Stipulated | | |
| P-8 | Beltz 2017 Performance Review TBC-BERNAL_000465-471 | Stipulated | | |
| P-9 | Beltz 2018 Performance Review TBC-BERNAL_000472-478 | Stipulated | | |
| P-10 | Svoboda 2016 Performance Review TBC-BERNAL_000528-534 | Stipulated | | |
| P-11 | Boeing Ethics reporting policy BERNAL 00050-57 | Stipulated | | |
| P-12 | Boeing Workplace and Sexual Harassment policy TBC-COE_000163-167 | Stipulated | | |
| P-13 | Boeing Mandatory Referral to Law Department policy BERNAL 00058-63 | Stipulated | | |
| P-14 | Farr email to Svoboda - 8/10/18 BERNAL – 00001 | Stipulated | | 401, 403, 802 |
| P-15 | Freeman EEO filing – 8/27/18 BOEING-BERNAL 007947-7967 | Stipulated | | 802 |
| P-16 | Tomlinson email to Beltz – 12/21/18 BOEING-BERNAL 002394 | Stipulated | | 802 |
| P-17 | Steensland 2018 Performance Review TBC-BERNAL_000516-521 | Stipulated | | 401, 403 |
| P-18 | EEO complaint filed by Naimushin – 9/6/18 BOEING-BERNAL 007852-7854 | Stipulated | | |

| | | | | |
|---|---|---|---|---|
| P-19 | Naimushin personal report of discrimination and retaliation – 11/6/18 BOEING-BERNAL 007942-7944 | Stipulated | | 403 |
| P-20 | Svoboda email to Hoffman – 4/23/18 BOEING-BERNAL 006074 | Stipulated | | |
| P-21 | Diane Allison email to DL IPM SEA – 5/9/18 BERNAL 00107-108 | Stipulated | | 401, 403 |
| P-22 | Svoboda email re: IP&L Org Structure – 7/13/18 BOEING-BERNAL 01549, BERNAL 00119-00121 | Stipulated | Stipulated | |
| P-23 | Hoffman email re: Vertical Coordinator - 7/13/18 BOEING-BERNAL 01384 | Stipulated | Stipulated | |
| P-24 | Hoffman email re: IPM Organizational Change – Charts and FAQ – 7/19/18 BERNAL 00109-118 | Stipulated | Stipulated | |
| P-25 | Hoffman email re: team update – 7/20/18 with attachment (to be supplemented) BOEING-BERNAL 01527-28 | Stipulated | Stipulated | |
| P-26 | Bernal email to Svoboda – 7/23/18 BERNAL – 00019-22 | Stipulated | Stipulated | |
| P-27 | Bernal handwritten notes and enforcement structure documents BERNAL 00070-74 | ?? | | 802 |
| P-28 | Bernal email to Mangialardi re: corporate investigations – 5/2/19 TBC-BERNAL_000320-340 | Stipulated | | 802 |
| P-29 | Svoboda email re: Enforcement organization workshops – 7/26/18 BOEING-BERNAL 01494-1495 | Stipulated | Stipulated | |
| P-30 | Svoboda email re: Enforcement Workshop Development update – 7/30/18 BERNAL – 00017-18 | Stipulated | Stipulated | |
| P-31 | IPM August 2018 Deep Dive materials TBC-BERNAL_000244-319 | Stipulated | Stipulated | |
| P-32 | Svoboda email to Grobbelaar re: conversation – 8/9/18 BOEING-BERNAL 01808-09 | Stipulated | Stipulated | |

AMENDED PRETRIAL ORDER - 10
Case No. 2:22-cv-00533-TL

| | | | | |
|---|---|---|---|---|
| P-33 | Bernal email to Svoboda re: Enforcement workshop – revised agenda – 8/3/18 BOEING-BERNAL 01513 | Stipulated | Stipulated | |
| P-34 | Hoffman email re: Team organization - 8/6/18 with attachment (to be supplemented) BOEING-BERNAL 01525-26, BERNAL 00122-00123 | Stipulated | Stipulated | |
| P-35 | Hoffman email to Mangialardi re: Background info – 5/29/19 TBC-BERNAL_000217-221 | Stipulated | | |
| P-36 | Smith message to Feder - 8/8/18 BOEING-BERNAL 007789 | Stipulated | Stipulated | |
| P-37 | Svoboda email to Winchell Volant Weekly Tag Up – 8/9/18 BOEING-BERNAL 01490-1493 | Stipulated | Stipulated | |
| P-38 | Smith email to Castellanos re: follow-up – 8/10/18 BOEING-BERNAL 007743 | Stipulated | Stipulated | |
| P-39 | Smith email re: double edged sword – 9/28/18 BOEING-BERNAL 007752 | Stipulated | Stipulated | |
| P-40 | Smith email to Torgerson re: Congratulations – 9/28/18 BOEING-BERNAL 007753 | Stipulated | Stipulated | |
| P-41 | Sunnenberg message to Svoboda re: Conversation with Sunnenberg – 10/5/18 BOEING-BERNAL 006918 | Stipulated | Stipulated | |
| P-42 | Hoffman appointment request re: New BR&T Licensing Model – 12/4/18 BOEING-BERNAL 006928 | Stipulated | | |
| P-43 | Proposal for BR&T Licensing Organization – Dec. 2018 BERNAL – 00075-87 | Stipulated | | |
| P-44 | Svoboda email to Hoffman re: IP&L manager – 1/7/19 BOEING-BERNAL 02031 | Stipulated | Stipulated | |
| P-45 | Hoffman announcement re: Svoboda retirement – 2/28/19 BOEING-BERNAL 006605-6 | Stipulated | Stipulated | |

| | | | | |
|---|---|---|---|---|
| P-46 | Svoboda email to Hoffman re: Svoboda Succession – 2/18/19 BOEING-BERNAL 006348-49 | Stipulated | Stipulated | |
| P-47 | Svoboda email to Floyd re: opportunities – 3/26/19 BOEING-BERNAL 002630-31 | Stipulated | | 401, 403 |
| P-48 | Krohn email to Svoboda re: Krohn: AOCT – 4/3/19 @3:09 p.m. BOEING-BERNAL 005879-82 | Stipulated | Stipulated | |
| P-49 | Krohn email to Svoboda with attachments, re: Krohn: AOCT – 4/3/19 @11:43 p.m. BOEING-BERNAL 007932-38 | Stipulated | Stipulated | |
| P-50 | Hoffman email to Svoboda re: HR issue – 4/8/19 BOEING-BERNAL 006317-18 | Stipulated | Stipulated | |
| P-51 | Email from Adetona to Krohn re: WARN – No Post – 4/12/19 BOEING-BERNAL 02158-61 | Stipulated | Stipulated | |
| P-52 | Email from GRP CareersAtBoeing to Svoboda re: Offer Approval Request - 4/12/19 BOEING-BERNAL 02217 | Stipulated | Stipulated | |
| P-53 | Email from GRP CareersAtBoeing to Beltz re: Offer Approval Request - 4/12/19 BOEING-BERNAL 02157 | Stipulated | Stipulated | |
| P-54 | Adetona letter to Bernal re: reassignment offer to Job Requisition 1900088332 – 4/10/19 TBC-BERNAL_000009 | Stipulated | Stipulated | |
| P-55 | Job Requisition 1900088332 TBC-BERNAL_000188 | Stipulated | Stipulated | |
| P-56 | Email from Beltz to Svoboda re: Offer Response for Bernal – 4/18/19 BOEING-BERNAL 02140 | Stipulated | | |
| P-57 | Jansen email to Hudson/Svoboda re: ET&T Challenges – 4/15/19 BOEING-BERNAL 006717-6720 | Stipulated | | |
| P-58 | Hudson email to Hoffman with attachment re: Mini Deep Dive Materials – 4/18/19 BOEING-BERNAL 005871, BOEING-BERNAL 007906 | Stipulated | Stipulated | |

AMENDED PRETRIAL ORDER - 12
Case No. 2:22-cv-00533-TL

| Exhibit Number | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| P-59 | Svoboda email to DL IPM ALL re: organization announcement – 4/18/19 BOEING-BERNAL 007476 | Stipulated | Stipulated | | |
| P-60 | Svoboda statement provided to Mangialardi – 5/2/19 TBC-BERNAL_000204 | Stipulated | | | |
| P-61 | Beltz email to Bernal re: 1:1 follow-up - 6/19/19 BERNAL – 00027-28 | Stipulated | Stipulated | | |
| P-62 | Beltz email to Bernal re: Reminder - 12/19/19 BERNAL – 00029 | Stipulated | | 401, 403 | |
| P-63 | Beltz email to Bernal re: acknowledge PM - 12/20/19 BERNAL – 00030-31 | Stipulated | | | |
| P-64 | Bernal job search log BERNAL – 00034-49 | ?? | | | |
| P-65 | Bernal W-2s 2018-2022 BERNAL – 00011-16, 00105 | Stipulated | Stipulated | | |
| P-66 | Bernal 2023 Annual Compensation statement – 2/21/23 BERNAL - 00104 | Stipulated | Stipulated | | |
| P-67 | Smith Message to Hoffman re: Tag Up – 6/26/18 BOEING-BERNAL 01114 | Stipulated | | | |
| P-68 | Hoffman statement provided to Mangialardi – 5/16/19 TBC-BERNAL_000214 | Stipulated | | | |

| Exhibit Number | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| D-1 | Bernal Boeing Work History<br><br>TBC-BERNAL_ 000046-052 | Stipulated | Stipulated | | |
| D-2 | Boeing Organizational Charts; IP Portfolio Strategy & Development, IP | Stipulated | Stipulated | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Protection and Licensing TBC-BERNAL_000245, 000220-000221 | | | |
| D-3 | Bernal's LinkedIn Profile BERNAL Dep. Exhibit 1 and 2 | Stipulated | Stipulated | | |
| D-4 | Svoboda emails 12/20/2018 BOEING-BERNAL 02032-02037 | Stipulated | Stipulated | | |
| D-5 | Svoboda email to HR 03/20/2019 TBC-BERNAL_000191 | Stipulated | Stipulated | | |
| D-6 | Manager Overall Evaluations, ACR Merit and Bonuses TBC-BERNAL_000054-000056 | Stipulated | Stipulated | | |
| D-7 | April 18, 2019 Email, Subject: Organization Announcement BERNAL-00025 | Stipulated | Stipulated | | |
| D-8 | Svoboda emails 12/2018 BOEING –BERNAL 02038-02039 | Stipulated | Stipulated | | |
| D-9 | Svoboda emails January 2019 BOEING-BERNAL 02030-02031 | Stipulated | Stipulated | | |

ACTION BY THE COURT[1]

- This case is scheduled for a bench trial on November 6, 2023, at 9:00 a.m.

- Defendant's motions in *limine* (Dkt. No. 45) are decided as follows:

    o Defendant's motion to exclude lay witnesses' "Me Too" testimony is GRANTED IN PART and DENIED IN PART. The lay witnesses SHALL be permitted to testify. The Court further ORDERS that:

    - The witnesses SHALL NOT be limited to post-2018 allegations of discrimination, but allegations that are too far removed in time or from the source of the allegations may be deemed irrelevant;

    - The Court RESERVES ruling on the issue of first-hand observations of alleged retaliation towards Plaintiff; and

    - The witnesses SHALL be limited to first-hand observations when testifying about Plaintiff's alleged opposition to disparate treatment discrimination.

    o Defendant's motion to give 24-hour notice of witnesses, depositions, and exhibits to be called or used at trial is GRANTED IN PART and DENIED IN PART:

    - **Witnesses**: GRANTED.

    - **Depositions**: DENIED AS MOOT. No depositions have been designated and no disclosure required if used only for impeachment.

    - **Exhibits**: DENIED. Exhibits SHALL be disclosed by 8:00 p.m. the day before used except if used only for impeachment.

---

[1] This section has been added by the Court to the Amended Proposed Pretrial Order submitted by the parties. Dkt. No. 55.

- This Order shall control the subsequent course of the action unless modified by a subsequent order.

- This Order shall not be amended except by order of the Court, pursuant to agreement of the Parties, or to prevent manifest injustice.

DATED this 30th day of October, 2023.

_____
Tana Lin
United States District Judge

AMENDED PRETRIAL ORDER - 16
Case No. 2:22-cv-00533-TL