UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BERNAL,<br><br>               Plaintiff,<br>v.<br><br>THE BOEING COMPANY,<br><br>               Defendant. | CASE NO. 2:22-cv-00533-TL<br><br>ORDER ON EXCLUSION OF PARTY REPRESENTATIVE |

This matter is before the Court on Defendant the Boeing Company's Brief Regarding Exclusion of Designated Corporate Representative from Courtroom (Dkt. No. 58). Having reviewed Plaintiff Paul Bernal's response (Dkt. No. 59) and the relevant record, the Court ORDERS that Linda Beltz may serve as Defendant's party representative, but that she will be excluded from the courtroom during the testimony of Plaintiff and certain other witnesses.

This matter is set for a bench trial to begin on November 6, 2023. *See* Dkt. No. 43. On October 27, 2023, the Court held a pretrial conference. *See* Dkt. No. 54. At the conference, Plaintiff objected to Defendant's designation of witness Linda Beltz as their party representative.

Dkt. No. 58 at 1; *see* Fed. R. Evid. 615(b). Defendant stated that it wished to have Ms. Beltz present so that she may be visible to the fact finder. The Court ruled that Ms. Beltz "would be excluded from the courtroom until after completing her testimony." Dkt. No. 58 at 1–2. Defendant now files the instant brief to ask the Court to reconsider its ruling. *Id.* at 2. Plaintiff opposes. *See* Dkt. No. 59.

Federal Rule of Evidence 615[1] states, in relevant part:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> . . .
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.

While Rule 615 "does not authorize" the exclusion of a party representative, it does not, by its plain text, *prohibit* exclusion. Instead, the Court retains some discretion to exclude the representative "pursuant to the Court's general powers to manage the conduct of the trial and to control the mode and order of witness presentation under Rule 611."[2] *Bradshaw v. Perdue*, 319 F. Supp. 3d 286, 289 (D.D.C. 2018); *see United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012) ("[T]he decision whether to allow the [party's representative] to testify even though the [representative] sits at the counsel table throughout the trial is left to the trial court's discretion." (quoting *United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992))); *United States v. Charles*,

---

[1] Violations of Rule 615 are reviewed for harmless error. *See Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 916 (9th Cir. 2005) (holding that "even if the court had erred" by declining to exclude a witness, "the error was harmless"); *see also Breneman v. Kennecott Corp.*, 799 F.2d 470, 474 (9th Cir. 1986) (finding no prejudice where court permitted change in party representative between discovery and trial).

[2] Federal Rule of Evidence 611 states, in relevant part, that a court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth."

ORDER ON EXCLUSION OF
PARTY REPRESENTATIVE - 2

456 F.3d 249, 257–58 (1st Cir. 2006) (stating that while Rule 615(b) has "severely curtailed the discretion of the trial court to sequester the [party's representative]," it does not "withdraw[ ] all discretion from the trial court to exclude a [representative] in an exceptional case" (quoting *United States v. Machor*, 879 F.2d 945, 953 & n.2 (1st Cir. 1989))); *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993) (permitting exclusion of one party representative while the other testified "not only on the basis of the court's inherent powers of trial oversight, but also in reliance upon Rule 615 itself"); Charles Alan Wright & Victor James Gold, Federal Practice & Procedure: Evidence § 6245 ("Several cases suggest that the courts still have discretion to exclude a Rule 615(b) witness . . . .").

Here, the Court will exercise its discretion to exclude Ms. Beltz from the courtroom during the testimony of Plaintiff and the additional witnesses who allegedly experienced discrimination or harassment by Ms. Beltz while employed by Defendant: Alexei Naimushin (for the portion of his testimony on behalf of Plaintiff), Roger Freeman, Jack Coe, and Frank Wisdom.[3] *See* Dkt. No. 56 (amended pretrial order) at 7. To put it mildly, Ms. Beltz is an essential witness in this matter: Plaintiff's claims are deeply intertwined with allegations specifically regarding Ms. Beltz's behavior toward him and other employees. *See, e.g.*, Dkt. No. 53 (Plaintiff's trial brief) at 3–7, 11–14. Many of those allegations are about private interactions between Plaintiff or the witnesses and Ms. Beltz, creating a "he said-[s]he said kind of case that turns largely on the credibility of these [ ] witnesses." *Bradshaw*, 319 F. Supp. 3d at 289. Indeed, to allow Ms. Beltz to hear the testimony of these witnesses before her own would be

---

[3] Naimushin and Freeman are listed as witnesses that "will" testify; Coe and Wisdom are listed as witnesses that "may" testify. Dkt. No. 56 at 7. In his pretrial brief, Plaintiff is unclear as to the source of the "disparate treatment and hostile work environment" that Freeman and Wisdom allegedly experienced. The Court assumes the source is Ms. Beltz. If the Court's assumption is incorrect, the Parties should inform the Court and Ms. Beltz will accordingly not be excluded during their testimony.

ORDER ON EXCLUSION OF
PARTY REPRESENTATIVE - 3

to flaunt Rule 615's stated purpose—namely, to ensure that a witness "cannot hear other witnesses' testimony"—and to allow Ms. Beltz to tailor her testimony accordingly. *See id.* at 287 ("The sequestration rule serves two primary purposes: to prevent a witness from tailoring his testimony in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility." (quoting *Minebea Co., Ltd. v. Papst*, 374 F. Supp. 2d 231, 233 (D.D.C. 2005))).

Moreover, Defendant offers no countervailing interests that are harmed by Ms. Beltz's selective exclusion. At the pretrial conference, Defendant suggested that the purpose of designating Ms. Beltz as the party representative was to make her visible to the fact finder during the trial. But as this matter is set for a bench trial, the Court is the fact finder, and the Court is capable of carefully observing Ms. Beltz's testimony and weighing all evidence accordingly. Then, in its brief, written with the benefit of additional time and reflection, Defendant offers *no* interest whatsoever in having Ms. Beltz serve as its representative, instead arguing merely that her exclusion is not authorized by Rule 615. *See* Dkt. No. 58 at 2–3. But as discussed above, the Court retains some discretion to exclude a party representative under its inherent powers and Rule 611. *See Bradshaw*, 319 F. Supp. 3d at 289.

Accordingly, it is hereby ORDERED that Linda Beltz may serve as Defendant's party representative, but she will be excluded from the courtroom during the testimony of Plaintiff, Alexei Naimushin, Roger Freeman, Jack Coe, and Frank Wisdom.

Dated this 3rd day of November 2023.

Tana Lin
United States District Judge