UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BERNAL,<br><br>             Plaintiff,<br>   v.<br><br>THE BOEING COMPANY,<br><br>             Defendant. | CASE NO. 2:22-cv-00533-TL<br><br>ORDER ON MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiff Paul Bernal's Motion for an Award of Attorney Fees. Dkt. No. 80. Having reviewed Defendant the Boeing Company's response (Dkt. No. 82), Plaintiff's reply (Dkt. No. 86), and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion.

I.      BACKGROUND

Plaintiff brought suit alleging that Defendant violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.* Dkt. No. 1-1. Plaintiff alleged that his former supervisor, Rick Svoboda, retaliated against him after he raised concerns regarding age

discrimination against other workers by a colleague, Dr. Linda Beltz. *Id.* ¶¶ 1–45. In particular, Plaintiff alleged that Defendant retaliated by demoting him and giving him a poor performance evaluation in 2018. *Id.* ¶¶ 38, 44. Plaintiff further asserted that the hostile work environment continued when Svoboda assigned Bernal to work under Beltz. *Id.* ¶¶ 46–47.

After a four-day bench trial, the Court issued an order finding that Plaintiff: (1) successfully proved that Svoboda demoted him to a non-managerial position in retaliation for engaging in protected activity in violation of RCW 49.60.210, and imputed the unlawful behavior to Svoboda's employer, Defendant (Dkt. No. 77 at 29); (2) failed to prove that Svoboda retaliated against him by giving him a poor performance evaluation in his 2018 performance review (*id.*); and (3) failed to prove that Beltz retaliated against him by creating a hostile work environment. *Id.* at 29–30. The Court awarded Plaintiff $0 in economic damages and $75,000.00 in non-economic damages. *Id.* at 33.

Plaintiff's counsel now requests $249,106.75 in attorney fees. Dkt. No. 80-2 ¶ 9. Plaintiff also filed a motion for $9,539.75 in costs (Dkt. No. 79) which was referred to the Court's Deputy in Charge in a docket minute entry on February 6, 2024. In response, Defendant requests that the Court enter a reduced fee award that is no more than 50 percent of the amount of fees being sought by Plaintiff. Dkt. No. 82 at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides a mechanism for awarding attorney fees when otherwise authorized by "statute, rule, or other grounds[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii). The WLAD provides for an award of "the cost of suit including reasonable attorneys' fees" to the prevailing party. RCW 49.60.030(2). To calculate attorney fees, Washington courts calculate a lodestar amount by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 538, 151

ORDER ON MOTION FOR ATTORNEY FEES - 2

P.3d 976 (2007). "The burden of proving the reasonableness of the fees requested is upon the fee applicant." *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

### III.   DISCUSSION

The Court finds an award of attorney fees is appropriate in this case as Plaintiff is the prevailing party.

Defendant does not dispute that Plaintiff and his attorneys have a statutory right to recover a reasonable amount of attorney fees as the prevailing party in this lawsuit. Dkt. No. 82 at 1. Nor does Defendant dispute the reasonableness of the hourly rate requested by Plaintiff. *See id.* Plaintiff submitted evidence supporting the reasonableness of the hourly rates requested. *See* Dkt No. 80-2 ¶ 2. Therefore, as an initial matter, the Court finds that the hourly rate requested by Plaintiff is reasonable.

However, Defendant disputes the attorney fee request and asks the Court to award a reduced fee because: (1) Plaintiff "devoted a considerable amount of time in pretrial litigation and at trial to his unsuccessful claim and to irrelevant witness testimony," (2) Plaintiff recovered less than four percent of the damages he sought, and (3) the fee amount requested is approximately 3.3 times the amount he recovered at trial. *Id.* at 1–2. A court "should discount hours spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time." *Chuong Van Pham*, 159 Wn.2d at 538. However, "where the plaintiff's claims involve a common core of facts and related legal theories, 'a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.'" *Martinez v. City of Tacoma*, 81 Wn. App. 228, 243, 914 P.2d 86 (1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983)).

Plaintiff contends that he asserted one claim for retaliation that occurred by alternative means: retaliatory demotion or retaliatory hostile work environment. Dkt. No. 86 at 1. Plaintiff did assert alternate theories for the discrimination claim by Svoboda as well as two events that he claimed qualified as retaliatory: the demotion and a poor performance evaluation in 2018. Plaintiff also asserted a claim for retaliatory hostile work environment by Beltz.

Plaintiff further contends that the time spent on each alternative cannot be segregated given the related facts of the alternatives. Dkt. No. 86 at 3. The Court finds that the allegation that Svoboda retaliated against Plaintiff by giving him a poor performance evaluation in 2018 did not involve a common core of facts and the time spent can be segregated. The Court acknowledges that the majority of the evidence and testimony related to Plaintiff's demotion. However, the performance evaluation, evaluation procedure, and the possible effect of the evaluation on bonuses were discussed with several witnesses.

With regard to Plaintiff's allegations regarding Beltz, Defendant asserts that Plaintiff presented hours of testimony about purported age discrimination by Beltz even though no age discrimination claim had been asserted in the complaint. Dkt. No. 82 at 5. However, Plaintiff's retaliatory demotion claim rested on the theory that he was demoted for complaining about what he believed to be age discrimination by Beltz against some employees who had shared their concerns with him. Therefore, the Court finds that the age discrimination testimony involved a common core of facts and legal theories. However, the Court finds that the failed allegations as to the retaliatory hostile work environment by Beltz against Plaintiff did not involve a common core of facts.

The Court reviewed the trial transcripts as well as all time entries in an effort to determine the proportion of them that were related to the 2018 performance evaluation or the hostile work environment by Beltz. The Court estimates that approximately ten percent of the

time was spent on these two theories that were of no benefit to Plaintiff. Accordingly, the Court will reduce the requested attorney fee request by 10% or $24,910.68 which will result in an attorney fee award of $224,196.07.

Defendant objects to the requested attorney fee award because of its characterization of the excessive ratio of fees compared to Plaintiff's recovery of damages. Dkt. No. 82 at 5. A court may consider the ratio of damages to attorney fees in assessing the reasonableness of fees. *Fetzer Co.*, 122 Wn.2d at 141. However, this is "only one of many factors that a court should consider in calculating an award of attorney's fees." *City of Riverside v. Rivera*, 477 U.S. 561, 574, (1986). The ratio of fees to damages in this case are supported by other decisions. *See, e.g.*, *Conti v. Corp. Servs. Grp*, 30 F. Supp. 3d 1051, 1083 (W.D. Wash. 2014) (awarding $433,000 in attorney fees for a damages award of $190,000*); Steele v. Lundgren*, 96 Wn. App. 773, 775, 982 P.2d 619 (1999) (affirming attorney fee award of where employee awarded $43,500 by a jury); *see also City of Riverside*, 477 U.S. at 565 (affirming attorney fee award of $245,456.25 for an award of $33,350). Further, "damages awards do not reflect fully the public benefit advanced by civil rights litigation." *City of Riverside*, 477 U.S. at 575. "[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms. . . . Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *Id.* at 574. For these reasons, limiting attorney fees in civil rights cases to a proportion of the damages awarded would undermine the purpose of the civil rights legislation. *See id.* at 576.

//

//

//

//

ORDER ON MOTION FOR ATTORNEY FEES - 5

## IV. CONCLUSION

Accordingly, Plaintiff's motion (Dkt. No. 80) is GRANTED IN PART and DENIED IN PART. The Court AWARDS attorney fees in the amount of $224,196.07. The award SHALL be added to the judgment in this matter.

Dated this 12th day of March 2024.

Tana Lin
United States District Judge